# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:00CR90-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| MICHAEL WAYNE BILLS ) | |

**THIS MATTER** is before the Court on the Defendant's motion to temporarily suspend his restitution payments. The motion is denied.

The Defendant's restitution payments were ordered in his Judgment of Conviction in a Criminal Case to be made through the Inmate Financial Responsibility Program.[1] The authority and method of collection through this program as well as a determination of the Defendant's ability to pay has been delegated to the Bureau of Prisons (BOP) by federal regulations. **28 C.F.R. §§ 545.10-545.16.** Defendant, who requests a temporary suspension of payments, is obligated to exhaust all administrative

---

[1] The Defendant notes in his motion that his co-defendant has not paid any amount toward restitution. However, the co-defendant was not ordered to pay any restitution.

remedies through the BOP before approaching the appropriate district court.  *Aja v. Bureau of Prisons Staff*, 202 F.3d 267 (table), 1999 WL 1336093 (6th Cir. 1999); *United States v. Rumney*, 86 F.3d 1147 (table), 1996 WL 325485 (1st Cir. 1996); *Indelicato v. Suarez*, 207 F.Supp.2d 216 (S.D.N.Y. 2002).

In addition, it is not unconstitutional to condition the right to work to an agreement that BOP will garnish a portion of the inmate's earnings for payment toward fines, assessments and/or restitution.  *James v. Quinlan*, 866 F.2d 627 (3d Cir. 1989).  Indeed, such payments may be collected from non-wage funds contained within a prisoner's inmate account.  *Moreno v. Hood*, 10 Fed. Appx. 600 (9th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED**.

**Signed: January 11, 2006**

Lacy H. Thornburg
United States District Judge